**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT BEAL,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC. and C.R. BARD, INC. and JOHN DOE CORPORATION I, and JOHN DOE CORPORATION II<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: _______________ |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas in and for Cuyahoga County, Ohio, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Complaint filed in the Court of Common Pleas in and for Cuyahoga County, Ohio on or about December 27, 2007. Bard was served with the Complaint on or about January 10, 2008. Davol has not been served but expressly joins in this Notice of Removal.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas in and for Cuyahoga County, Ohio, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 115(a)(1).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard and Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Court of Common Pleas in and for Cuyahoga County, Ohio, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount in damages "in excess of Twenty Five Thousand Dollars ($25,000.00)…together with the costs of this action." (Compl. "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for

personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 1 and 3.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, causing Plaintiff "continuing pain and discomfort in his esophageal area, which pain and suffering continued to this day." (*Id.* ¶ 6). Plaintiff also alleges that he "was forced to undergo much medical care and treatment, all of which caused him to incur considerable expense and which expense may continue into the future." (*Id.* ¶ 7). Plaintiff further alleges that he lost wages as a result. (*Id.* ¶ 8). Plaintiff seeks recovery from Defendants jointly and severally for "an amount in excess of Twenty Five Thousand Dollars ($25,000.00)…together with the costs of this action". (*See* Compl. Prayer).

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. *See, e.g. Kinney v. Davol Inc. and C.R. Bard, Inc.*, *et al.*, No. 1:07-cv-1336

(N.D. Ohio) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *see also Sayler v. Davol Inc. and C.R. Bard, Inc.*, No. 1:07-cv-765 (N.D. Ohio) (same) (Ex. C); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

9. Plaintiff is a resident citizen of Olmstead Township, Cuyahoga County, Ohio. (*See* Compl. at Caption.)

10. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

12. Defendants "JOHN DOE CORPORATION I" and "JOHN DOE CORPORATION II" are named and sued fictitiously, and consequently their citizenship is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Court of Common Pleas in and for Cuyahoga County, Ohio, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of

this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: January 17th, 2008

Respectfully submitted,

HERMANN, CAHN & SCHNEIDER, LLP

/**s**/Jeffrey S. Moeller

Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Hermann, Cahn & Schneider, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
ghermann@hcsattys.com
jmoeller@hcsattys.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
David W. Thomas
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
dthomas@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 17th day of January, 2008, a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record via the Court's electronic distribution system, and in the manner indicated below.

Ronald A. Apelt
Two Commerce Park Square
23220 Chagrin Boulevard, Suite 300
Beachwood, OH 44122
*Certified Mail (Return Receipt Requested)*

BY: **/s/**Jeffrey S. Moeller
Jeffrey S. Moeller