SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV07645645 | D1 CM | 11299769 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

SCOTT BEAL — PLAINTIFF
VS
DAVOL, INC., ET AL — DEFENDANT

DAVOL INC
100 SOCKANOSSETT CROSSROAD
CRANSTON RI 02920-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:

Plantiff's Attorney

RONALD A APELT
TWO COMMERCE PARK SQUARE

23220 CHAGRIN BLVD. SUITE 300
BEACHWOOD, OH 44122-0000

Case has been assigned to Judge:

EILEEN A GALLAGHER
**Do not contact judge. Judge's name is given for attorney's reference only.**

COMMON PLEAS COURT · CUYAHOGA COUNTY · OHIO

GERALD E. FUERST
Clerk of the Court of Common Pleas

DATE
Jan 2, 2008

By A. Bernard
Deputy

COMPLAINT FILED 12/27/2007

RECEIVED
JAN 10 2008
C.R.BARD, INC.
LAW DEPT.

CMSN130

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

**SCOTT BEAL**
27083 Oakwood Circle - #118
Olmsted Township, Ohio 44138

Plaintiff,

vs.

**DAVOL, INC.**
100 Sockanossett Crossroad
Cranston, Rhode Island 02920

and

**C. R. BARD, INC.**
100 Sockanossett Crossroad
Cranston, Rhode Island 02920

and

**JOHN DOE CORPORATION I**
(Identity and Address Currently Unknown)

and

**JOHN DOE CORPORATION II**
(Identity and Address Currently Unknown)

Defendants.

Judge: EILEEN A GALLAGHER

CV 07 645645

**COMPLAINT**
**(Jury Trial Demand)**

Now comes the Plaintiff, SCOTT BEAL, by and through counsel, and for his Complaint against the Defendants, states as follows:

**COUNT I**

1. On or about December 23, 2003, Plaintiff Scott Beal underwent an incisional hernia repair procedure which procedure took place at Vandebilt Medical Center in Nashville, Tennessee, which as part of the procedure, included the insertion of an 11" by 14" medium oval Kugel Mesh Patch manufactured, designed and distributed by Defendants.

2. At all times relevant herein, Defendants Davol, Inc. and C. R. Bard, Inc., as well as John Doe Corporations I and II, whose identities and addresses are currently unknown, conducted business in the State of Ohio and Cuyahoga County.

3. Subsequent to the date of the Kugel Mesh Patch insertion, Plaintiff Scott Beal continued to experience pain and discomfort associated with his esophageal area, which pain/discomfort ultimately resulted in the Kugel Mesh Patch being removed in and around October 2004.

4 Subsequent to that time, approximately December 15, 2006, Plaintiff Scott Beal was made aware that there may have been defects with respect to Defendants' Kugel Mesh Patch previously inserted, which Kugel Mesh Patch was designed and manufactured by Defendants.

5. Plaintiff Scott Beal asserts that Defendants breached their implied warranty of the good and merchantable quality and fitness of its product, the Kugel Mesh Patch, for its intended use.

6. As a direct and proximate result of Defendants breach of its implied warranty, Plaintiff Scott Beal sustained injuries and damages which include, but are not limited to, continuing pain and discomfort in his esophageal area, which pain and suffering continued to this day.

7. As a further direct and proximate result of Defendants' breach of their implied warranty of the good and merchantable quality and fitness of its product,, Plaintiff Scott Beal

was forced to undergo much medical care and treatment, all of which has caused him to incur considerable expense and which expense may continue into the future.

8. As a further direct and proximate result of Defendants' breach of its implied warranty, Plaintiff Scott Beal lost wages.

**COUNT II**

9. Plaintiff Scott Beal incorporates by reference the allegations contained in Count I of this Complaint as if the same had been fully rewritten herein.

10. Defendants knew or should have known about the potential risk that the Kugel Mesh Patch, if not designed or manufactured correctly, could or would cause injury to Plaintiff Scott Beal.

11. Defendants' failed to provide a warning/instruction that a manufacturer exercising reasonable care should have provided concerning this risk.

12. Defendants' failure to provide such a warning rendered the product defective at the time the Kugel Mesh Patch was marketed and distributed.

13. Defendants additionally failed to provide any warning and/or instruction regarding said Kugel Mesh Patch after it left their control.

14. As a direct and proximate result of Defendants' failure to provide such a warning, Plaintiff Scott Beal sustained the injuries and damages set forth in Count I of this Complaint.

**COUNT III**

15. Plaintiff Scott Beal incorporates by reference the allegations contained in Counts I and II of this Complaint as if the same had been fully rewritten herein.

16. Defendants' Kugel Mesh Patch did not conform to the representations made by Defendants regarding said product.

17. As a direct and proximate result of the Kugel Mesh Patch's failure to conform to the Defendants' representations, Plaintiff Scott Beal sustained the injuries and damages set forth in Count I of this Complaint.

**COUNT IV**

18. Plaintiff Scott Beal incorporates by reference the allegations contained in Counts I, II and III of this Complaint as if the same had been fully rewritten herein.

19. The Kugel Mesh Patch, manufactured, designed, distributed and supplied by Defendants was defective in its design and/or manufacture.

20. Defendants' Kugel Mesh Patch was not of good and merchantable quality, fit and safe for its ordinary and intended use.

21. The foreseeable risks associated with Defendants' Kugel Mesh Patch, with regard to its design and/or manufacture, exceeded the benefits associated with its design and/or manufacture.

22. The defect in the design and/or manufacture of Defendants' Kugel Mesh Patch was present at the time it left the hands of the Defendants.

23. As a direct and proximate result of Defendants failure to design and/or manufacture the Kugel Mesh Patch so that it was of good merchantable quality, fit and safe for its ordinary purpose, Plaintiff Scott Beal sustained the injuries and damages set forth in Count I of this Complaint.

WHEREFORE, Plaintiff Scott Beal prays for judgment in each of the above Counts, against the Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), each, together with the costs of this action.

Respectfully submitted,

Ronald A. Apelt

RONALD A. APELT (0046621)
Attorney for Plaintiff
Two Commerce Park Square
23220 Chagrin Boulevard, Suite 300
Beachwood, OH 44122
(216) 292-3171
(216) 292-3436 Fax
Email: RonApelt@aol.com

**JURY TRIAL DEMAND**

Plaintiff Scott Beal respectfully requests a trial by jury for all issues in the within matter which are triable to a jury.

Ronald A. Apelt

Ronald A. Apelt (0046621)

GERALD E. FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH,44113-0000

CERTIFIED MAIL

7112 8144 1491 1299 7692

PAR AVION

RETURN RECEIPT REQUESTED

SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

DAVOL INC
100 SOCKANOSSETT CROSSROAD
CRANSTON RI 02920-0000

Align top of FedEx Express Shipping Label here.

ORIGIN ID: PVDA (401) 463-7000
MAILROOM
DAVOL, INC
100 SOCKANOSSET RD

CRANSTON, RI 02920
UNITED STATES US

Ship Date: 09JAN08
ActWgt: 0.3 LB
System#: 0028499/CAFE2352
Account: S *********

TO ATTN: MR. BRIAN BURLEW
C.R. BARD
730 CENTRAL AVENUE

MURRAY HILL, NJ 07974

Ref: 803098901

RECEIVED
JAN 10 2008
C.R. BARD, INC
LAW DEPT.

FedEx
Express

E

CLS050107/22/23

Delivery Address Barcode

BILL SENDER

PRIORITY OVERNIGHT

THU
Deliver By:
10JAN08

TRK# 9397 9495 1183 Form 0201

EWR A1

07974 -NJ-US ZC KBCA