**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT BEAL, | § | |
| | § | |
| Plaintiff, | § | Case No.: 3:08-cv-00143-JZ |
| | § | |
| vs. | § | |
| | § | |
| DAVOL INC. and C.R. Bard, Inc. | § | **ANSWER** |
| | § | |
| Defendants. | § | **JURY TRIAL DEMAND** |
| | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S COMPLAINT**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), by and through counsel, hereby answer Plaintiff's Complaint ("Complaint"), paragraph by paragraph, as follows:

**COUNT I**

1. Defendants admit that Davol designed, distributed, and at certain times, conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the State of Ohio. With respect to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that the allegations are directed toward Defendants Davol and Bard, Defendants state that the allegations in Paragraph 2 are conclusions of law and therefore Defendants deny the allegations.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 3 of the Complaint, and therefore deny the same.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 4 of the Complaint, and therefore deny the same.

5. Paragraph 5 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 5.

6. Paragraph 6 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 6.

7. Paragraph 7 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 7.

8. Paragraph 8 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 8.

**COUNT II**

9. In response to Paragraph 9 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

10. Paragraph 10 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 10.

11. Paragraph 11 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 11.

12. Paragraph 12 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 12.

13. Paragraph 13 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 13.

14. Paragraph 14 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 14.

**COUNT III**

15. In response to Paragraph 15 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

16. Paragraph 16 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 16.

17. Paragraph 17 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 17.

**COUNT IV**

18. In response to Paragraph 18 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

19. Paragraph 19 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 19.

20. Paragraph 20 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 20.

21. Paragraph 21 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 21.

22. Paragraph 22 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 22.

**23.** Paragraph 23 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 23.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary

damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Ohio Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Ohio Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Ohio and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Ohio.

Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

Dated: January 23, 2008

Respectfully submitted,

HERMANN, CAHN & SCHNEIDER, LLP

/s/ Jeffrey S. Moeller

Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Hermann, Cahn & Schneider, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
ghermann@hcsattys.com
jmoeller@hcsattys.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: January 23, 2008

Respectfully submitted,

HERMANN, CAHN & SCHNEIDER, LLP

/s/ Jeffrey S. Moeller

Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Hermann, Cahn & Schneider, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
ghermann@hcsattys.com
jmoeller@hcsattys.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2008, a true and correct copy of the foregoing Answer was served via the Court's electronic distribution system, and via first-class U.S. mail, postage prepaid, to:

Ronald A. Apelt
Two Commerce Park Square
23220 Chagrin Boulevard, Suite 300
Beachwood, OH 44122.

BY: **/s/** Jeffrey S. Moeller
Jeffrey S. Moeller